UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                           Case No. 23-46912

EXIGENT LANDSCAPING, LLC,                Chapter 7

              Debtor.                                Judge Thomas J. Tucker
_____/

AYHAM ASHKAR, and
MARIA ASHKAR,

              Plaintiffs,
                                                           Adv. No. 23-4450
v.

EXIGENT LANDSCAPING, LLC,

              Defendant.
_____/

**ORDER DISMISSING ADVERSARY PROCEEDING**

On August 7, 2023, the Defendant/Debtor Exigent Landscaping, LLC filed a voluntary petition for relief under Chapter 11, commencing Case No. 23-46912. On November 13, 2023, the Plaintiffs filed a complaint commencing this adversary proceeding, seeking a determination that the debt the Defendant owes them in nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6).

Today, on February 12, 2024, the Court entered an order converting the Defendant/ Debtor's Chapter 11 case to Chapter 7, effective immediately (Docket # 152 in Case No. 23-46912 at ¶ 1).

Section 727(a)(1) of the Bankruptcy Code states: "The court shall grant the debtor a discharge, unless . . . the debtor is not an individual[.]" 11 U.S.C. § 727(a)(1). "Individual"

means a human being.  Because the Defendant/Debtor is a limited liability company, rather than an individual, the Defendant/Debtor is not eligible for, and will not receive, a discharge in this Chapter 7 case.  For this reason, the conversion of this case to Chapter 7 renders the Plaintiffs' nondischargeability complaint moot.  Because of the conversion, the Plaintiffs have received the dischargeability-related relief they were seeking in this adversary proceeding (namely, that Defendant/Debtor's debt to the Plaintiffs will not be discharged in the Defendant/Debtor's bankruptcy case).

The Court is no longer able to grant the Plaintiffs any meaningful relief in addition to what they have already received, so this case is now moot.  *Cf. Rosenfeld v. Rosenfeld* (*In re Rosenfeld*), 535 B.R. 186, 193-96 (Bankr. E.D. Mich. 2015), *aff'd,* 558 B.R. 825 (E.D. Mich. 2016), *aff'd*, 698 F. App'x 300 (6th Cir. 2017)  (dismissing, for lack of jurisdiction, a creditor's adversary proceeding seeking an order denying the debtor a discharge under several provisions of 11 U.S.C. § 727(a), where the debtor's debt to the creditor was nondischargeable under 11 U.S.C. § 523(a).); *see also Mapley v. Mapley* (*In re Mapley*), 437 B.R. 225 (Bankr. E.D. Mich. 2010).

For these reasons,

IT IS ORDERED that this adversary proceeding is dismissed, as moot.

**Signed on February 12, 2024**  /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**